# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             Criminal Case No: 1:06CR53

HENRY HIMES FREEMAN,

      Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Henry Himes Freeman, in person and by counsel, Brian J. Kornbrath, appeared before me on September 20, 2006. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his

plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Henry Himes Freeman, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 27, 2006, and signed by him on July 5, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding aspects of said amended written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the amended plea agreement or pre-sentence report.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about March 14, 2006, at or near Clarksburg, Harrison County, within the Northern District of West Virginia and within one thousand (1000) feet of the Monticello Avenue playground, the defendant, Henry Himes Freeman, unlawfully, knowingly and intentionally distributed approximately 2.7 grams of cocaine base, also

known as "crack," a Schedule II drug controlled substance, to a person known to the United States Attorney in exchange for $100.00. The parties further stipulate and agree that the defendant's total relevant conduct in this case, is at least three (3) grams but less than Four (4) grams of cocaine base, all of which was distributed within 1000' of a playground.

From his inquiry, the undersigned finds the parties understand that the Court is not bound by the above stipulation and is not required to accept same. Further, Defendant understands and agrees that should the Court not accept the above stipulation, the defendant will not have the right to withdraw his plea of Guilty.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) and not more than forty (40) years; understood that a

4

fine of not more than $2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to at least six (6) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration and supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in his written plea agreement and determined he understood those rights and, subject to the condition set forth in the agreement, voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further examined Defendant and determined he understood that the United States Sentencing Guidelines are now advisory and no longer mandatory. Defendant further understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 21 of the United States Code for the offense of conviction.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with distributing 2.7 grams of cocaine base, also known as "crack." within one thousand (1000) feet of a playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860.

The Government was prepared to offer a witness, Officer Brian Purkey, to testify as to the basis

in fact for the Information and plea agreement. Counsel for the parties, as well as Defendant himself, agreed that the parties' written stipulation would stand in place of the witness testimony and was sufficient to support an independent basis in fact for the plea. The Court then read and explained the stipulation to Defendant. Defendant expressly represented that he accepted and was willing to rely on the parties' agreed stipulation. Defendant agreed with all the facts contained in the stipulation. Defendant also represented that he believed the Government would be able to prove all the elements of the offense alleged in the one-count information.

Thereupon, Defendant, Henry Himes Freeman, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

Defendant then testified that he believed he was guilty of the offense charged in the one-count Information because somebody wanted some cocaine base and he sold it to them. The sale took place near a playground, and he did not dispute the playground was within 1000' of the sale.

From the testimony of Defendant and the stipulation of the parties, the undersigned United States Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in the one-count Information.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have

sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 20th day of September, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE